UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL SCOTT CROSBY,

                Petitioner,

v.

DARREL VANNOY, Warden, Louisiana State Penitentiary,

                Respondent.

Case No. C20-1144-BHS-MLP

REPORT AND RECOMMENDATION

    Petitioner Michael Crosby is a Louisiana state prisoner who is currently confined at the Louisiana State Penitentiary in Angola, Louisiana. He has presented to this Court for filing an application for federal habeas relief which this Court has construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* Dkt. ## 9, 9-1, 9-2, 9-3.) Petitioner indicates in his voluminous materials that he is seeking to challenge in this action his 2008 conviction for forcible rape in the First Judicial District Court, Caddo Parish, Louisiana, an offense for which he was sentenced to serve forty years at hard labor. (*See id.*; Dkt. # 9-10 at 3.)

    Petitioner failed to submit with his application for federal habeas relief either the requisite filing fee or an application to proceed with this action *in forma pauperis*. (*See* Dkt. # 1.)

REPORT AND RECOMMENDATION
PAGE - 1

Though Petitioner has since presented this Court with an application to proceed *in forma pauperis*, he has not perfected the application because he has yet to submit to this Court for review a trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (*See* Dkt. # 10.) Petitioner claims he has been unable to provide the necessary documents to the Court because the Louisiana State Penitentiary administration has refused to provide the documents to him. (*See* Dkt. ## 11, 12, 13.) Ultimately, Petitioner's failure to correct the remaining deficiency in his *in forma pauperis* application is a moot issue because, as explained below, this Court lacks jurisdiction to consider Petitioner's application for federal habeas relief.

A § 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). While the physical presence of the petitioner is not necessary, at a minimum, jurisdiction must exist over the petitioner's custodian. *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987) (citing *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) and *Giddings*, 740 F.2d at 772). "Without such jurisdiction, we have no authority to direct the actions of the restraining officials." *Subias*, 835 F.2d at 1289. This Court has no jurisdiction over Petitioner's current custodian at the Louisiana State Penitentiary.

Under the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." *See e.g. Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). It

REPORT AND RECOMMENDATION
PAGE - 2

would not be in the interests of justice to transfer this action because it appears that Petitioner has already exhausted all avenues for post-conviction relief in the state and federal courts of Louisiana, and that he has filed the instant application for relief in this district in hopes of finding a court more receptive to his claims challenging his conviction. Petitioner may not circumvent jurisdictional requirements in an effort to achieve a more favorable result.

Because this Court lacks jurisdiction over Petitioner's application for federal habeas relief, the undersigned recommends that the instant action be dismissed with prejudice and that Petitioner's unperfected application to proceed *in forma pauperis* be stricken as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 5, 2021**.

DATED this 10th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge