UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL SCOTT CROSBY,

            Petitioner,

  v.

DARREL VANNOY,

            Respondent.

CASE NO. C20-1144 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. 14, and Petitioner Michael Crosby's objections to the R&R, Dkt. 15.

Crosby is a Louisiana state prisoner who is currently housed at the Louisiana State Penitentiary in Angola, Louisiana. He has presented an application for federal habeas relief, which Judge Peterson construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkts. 9, 14 at 1. Crosby seeks to challenge his 2008 conviction for forcible rape in the First Judicial District Court, Caddo Parish, Louisiana, for which he was sentenced to forty years hard labor.

ORDER - 1

1    Judge Peterson recommends that the Court dismiss Crosby's petition because the
2    Court lacks jurisdiction to consider his habeas petition and, though moot, because Crosby
3    has not perfected his *in forma pauperis* ("IFP") application. Dkt. 14 at 2. Crosby has filed
4    objections to the R&R. Dkt. 15.

5    The district judge must determine de novo any part of the magistrate judge's
6    disposition that has been properly objected to. The district judge may accept, reject, or
7    modify the recommended disposition; receive further evidence; or return the matter to the
8    magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

9    Crosby's cognizable objections are that he did not fail to submit to the Court a
10   trust fund account statement because the inmate banking supervisor refused to provide
11   him with the documentation and that Judge Peterson incorrectly interpreted his petition as
12   a § 2241 petition because he brings a 28 U.S.C. § 2254 petition. Dkt. 15 at 2–3. But
13   Crosby does not explain how a § 2254 petition alters the jurisdictional analysis. Judge
14   Peterson correctly concluded that this Court lacks jurisdiction over Crosby's habeas
15   petition because this Court does not have jurisdiction over his current custodian at the
16   Louisiana State Penitentiary. *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987)
17   ("Without such jurisdiction, we have no authority to direct the actions of the restraining
18   officials."). The form in which Crosby bringing his habeas petition—whether it is
19   pursuant to § 2241 or § 2254—does not change the outcome here.

20   Furthermore, Judge Peterson correctly concluded that Crosby failed to perfect his
21   IFP application but that failure is rendered moot because the Court does not have
22   jurisdiction over this case.

ORDER - 2

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) This matter is **DISMISSED with prejudice** for lack of jurisdiction;

(3) Petitioner's application to proceed *in forma pauperis* (Dkt. 9) is **DENIED as moot**;

(4) The Clerk is directed to send copies of this Order to Petitioner and to Judge Peterson; and

(5) This case is closed.

Dated this 15th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3